UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY L. PHILLIPS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-1250-JCH |
| ) | |
| RON A. BLOOM, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint and motion for leave to proceed *in forma pauperis* filed by self-represented plaintiff Tommy L. Phillips, Sr. The Court has considered the motion, and has determined to grant it. The Court has also conducted the required review of the complaint, and has determined that it must be dismissed for want of jurisdiction.

### Legal Standard

The Federal Rules of Civil Procedure require this Court to dismiss a complaint if it determines at any time that it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). Additionally, this Court must review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff[1] filed the complaint against Ron A. Bloom, Louis Dejoy, Cindy Boyles, Rick Ayers, and Katie Grover. Plaintiff identifies Bloom and Dejoy as United States Postal Service officials and residents of Washington, D.C. He identifies Boyles, Ayers, and Grover as United States Postal Service employees and residents of Missouri. He identifies himself as a Missouri resident. He invokes this Court's federal question jurisdiction on the basis that his claims arise under federal law, and he cites 18 U.S.C. §§ 1702 and 1709, and the Freedom of Information Act (also "FOIA"). He also references State law torts.

In the 45-page complaint, plaintiff can be understood to claim entitlement to damages for crimes and torts he believes were committed by United States Postal Service employees,

---

[1] Plaintiff has filed other civil actions in federal court. Review of the records of the United States District Court for the Western District of Missouri shows that plaintiff initiated a fee-paid civil action there in 2016 to raise claims concerning child support he claimed to be unable to pay, and other State law family matters. *Phillips v. Miller, et al.,* No. 2:16-cv-4068-MDH (W.D. Mo. Nov. 1, 2016). On November 1, 2016, the matter was dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Additionally, in 2021, plaintiff filed a civil action *in forma pauperis* in this Court, seeking to bring tort claims against doctors and a hospital. *Phillips v. Curtright, et al.*, No. 4:21-cv-1044-MTS (E.D. Mo. Nov. 29, 2021). On November 29, 2021, the matter was dismissed for want of jurisdiction.

including stealing and/or interfering with his mail, forging his signature, verbally abusing him, causing him to be cited by police, not releasing records, and other matters. Plaintiff sets forth his allegations in long and disorganized narratives that brim with legalese and run-on sentences, and his allegations do not appear fully grounded in reality. Following are examples of those narratives:[2]

> Plaintiff sends a prayer of relief to the the honor of this court to grant subject matter jurisdiction as this case rest with a federal questions in terms of the FOIA 9 exemptions rules pertaining to sufficient evidence that is admissible in a court of laws. But have come under direst as these records and rights to public right has been bombarded with abusive exemption ratifications that under 9 exemptions to FOIA impede on the rights of every citizen and even government agencies of this great Nation that rely on such discoverable tangible evidence and custodial custody of this United States that quite frankly has used this exemption as a tool to shield government scrutiny, embarrassment, and even criminal behavior by agents under color of laws There should be no unlawful acts or laws by this body of government we should not take adherence to promote that promote a wall if you will to delay request of public RTK (Right to Know), FOIA, and Sunshine Request records regarding citizens fighting back federal or State agencies that [harmed] them civilly under the guidance of our governance. I respectfully ask the court to grant relief in this case base on the ADR {Alternative Dispute Resolution} in means of mediation which I will always respect the time and response briefs of the respectful State Attorney's Office. This was a negligent act that ensued with a IIOD Intentional Infliction Of Emotional Distress caused to this plaintiff. Wherefore I command the United States Postal Office Chair to pay the damages that were at the discretion and concealed by his Post Office Employees in their individual capacities. I attest under penalty of perjury these Statements are true to the best of my recollection and The best of my knowledge.
>
> . . .
>
> Tommy L. Phillips Sr alleges a Postal Office of this United States Government allowed several postal employees in their individual capacities to commit negligent tort acts related to mail theft, prying, obstruction, fraud, and derailments of a federal/Supreme Court civil actions in the Missouri legal jurisdiction violating several titles and 18 U.S.C subsection code 1709 which followed senior staff fraudulently concealing fraudulent acts by omissions performed to cover up a tort claim under a gross Negligence of Intentional Infliction of Emotional Distress. Located at the Columbia Missouri Boone Lemone Industrial drive location/ ST. Louis, Missouri cluster 2016-2021

---

[2] The errors in the complaint are ubiquitous. Therefore, the text is quoted herein without correction.

(ECF No. 1 at 19, 21). Next, plaintiff describes an incident that occurred in June of 2016 at the post office branch in Columbia, Missouri. He claims post office employees stole mail, and forged his signature on a postal service form. He took the form to the post office branch, where he argued with staff and ultimately spoke to Ayers. Ayers took the form but did not return it, and plaintiff called the police to report Ayers for "abuse and forgery." *Id.* at 25. Police officers arrived, and accused plaintiff of disturbing the peace. Plaintiff characterizes that as a tort, and believes Ayers used the police against him. Elsewhere in the complaint, plaintiff references the FOIA. However, he does not seek the production of any documents, and instead appears to seek damages for alleged wrongdoing that occurred when he sought information in the past. Plaintiff seeks monetary relief.

## Discussion

Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). As noted above, if this Court determines at any time that it lacks jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Plaintiff herein can be understood to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 on the basis that his claims arise under 18 U.S.C. §§ 1702 and 1709, and the FOIA. Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

4

1331. Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Having thoroughly reviewed and liberally construed the complaint and the materials provided with it, the Court concludes that plaintiff's allegations do not establish a non-frivolous claim of a right or remedy under federal law. The FOIA does not authorize suit against the defendants named herein, nor does it authorize a private right of action for money damages. *See Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993). Even if these defects were absent, plaintiff's allegations could not be construed as stating a valid FOIA claim, and in fact, as noted above, they appear to lack a basis in reality. *See Denton v. Hernandez*, 504 U.S. 25 (1992). Finally, 18 U.S.C. §§ 1702 and 1709 are criminal statutes that do not create a private right of action. Plaintiff does not cite, nor is the Court aware, of any other federal statute under which his claims could be brought. The Court therefore concludes that plaintiff's asserted bases of federal question jurisdiction are patently meritless.

The Court has considered whether the complaint establishes a basis for jurisdiction pursuant to 28 U.S.C. § 1332, and concludes it does not. Section 1332(a) of Title 28 provides that district courts have jurisdiction over civil actions in which the parties are completely diverse, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).  Here, plaintiff avers that he and at least one of the defendants are Missouri citizens. When he signed the complaint, plaintiff wrote: "I attest under penalty of perjury these Statements are true to the best of my recollection and The best of my knowledge." (ECF No. 1 at 19). In doing so, plaintiff can be understood to

5

have certified that his representations to the Court, including those regarding the citizenship of himself and the defendants, had evidentiary support.  *See* Fed. R. Civ. P. 11(b)(3).  It is therefore clear that the parties are not completely diverse, and this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332.

After carefully reviewing and liberally construing the complaint, the Court concludes that plaintiff has failed to establish that this Court has jurisdiction over this matter based upon either a federal question or diversity of citizenship.  There is no indication that the defects of the complaint could be overcome by amendment. The Court therefore must dismiss this action at this time, without prejudice, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The Court will also deny as moot plaintiff's pending motions seeking the appointment of counsel.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motions seeking the appointment of counsel (ECF Nos. 4 and 5) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of December, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE